**E-FILED on** 2/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br><br>Plaintiff,<br><br>v.<br><br>TOWER ADAMS, DAVID GAGE, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C-08-04782 RMW<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 45]** |

Defendant David Gage moves to dismiss plaintiff Rosemary Greenlaw's First Amended Complaint. For the reasons set forth below, the court grants the motion in part.

**I. BACKGROUND**

On October 17, 2008, plaintiff Rosemary Greenlaw, *pro se* in this matter, filed suit against defendants Tower Adams and David Gage for a conspiracy to interfere with her civil rights as well as malicious prosecution, abuse of process, negligent and intentional infliction of emotional distress, defamation, and breach of contract. On November 16, 2009, the court granted defendant Gage's motion to dismiss for failure to state a claim upon which relief can be granted. As explained in the court's order, the complaint contained almost no facts and merely stated legal conclusions. Greenlaw was granted leave to amend her complaint within twenty days.

United States District Court
For the Northern District of California

On December 21, 2009, Greenlaw filed her First Amended Complaint ("FAC"). In the FAC, Greenlaw added five new defendants, Tract No. 7415 Homeowners Association, Cimarron Service Corporation of Nevada (a Nevada corporation), Pro Solutions, Alpha Factors (a California corporation), and Andrea Caldwell. The FAC contains the following causes of action: (1) conspiracy to interfere with her civil rights; (2) violation of the Fair Housing Amendments Act ("FHAA"), (3) violation of the Fair Debt Collections Practices Act ("FDCPA"), (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), (5) malicious prosecution, (6) abuse of process, (7) negligent infliction of emotional distress, (8) intentional infliction of emotional distress, (9) defamation, (10) conversion, (11) breach of contract, and (12) breach of the covenant of good faith and fair dealing.

Gage now moves to dismiss the FAC based on: (1) failure to state a claim upon which relief can be granted, (2) lack of subject matter jurisdiction, (3) statute of limitations, (4) privilege, and (5) failure to plead fraud with particularity.

## II. ANALYSIS

### A. Failure to State a Federal Claim

#### 1. Conspiracy to Interfere with Civil Rights

Greenlaw alleges that all named defendants have conspired to interfere with her civil rights in violation of 42 U.S.C. § 1985(2) and (3). To qualify as a conspiracy under 42 U.S.C. § 1985(2), there must be obstruction of justice or intimidation of a party, witness, or juror. Plaintiff has not alleged any facts establishing obstruction of justice or the intimidation of a party, witness, or juror. Thus she has failed to state a claim under 42 U.S.C. § 1985(2).

To state a claim under 42 U.S.C. § 1985(3), Greenlaw must plead facts showing the existence of: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, her of equal protection of the laws or of equal privileges and immunities under the laws, and (3) an act in furtherance of this conspiracy, (4) whereby she is injured in her person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Co.*, 978 F.2d 1529, 1536 (9th Cir. 1992). 42 U.S.C. § 1985(3) "provides no substantive rights itself." *United Brotherhood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 833 (1983) (quoting *Great*

*American Fed. Savings & Loan Assn. v. Novotny*, 442 U.S. 366, 372 (1979)). Accordingly, plaintiff must show that defendants sought to deprive her of rights, privileges, or immunities that were created by the Constitution or otherwise legally protected. *Id.*

Greenlaw alleges that defendants deprived her of her rights under the Fourth, Fifth, and Fourteenth Amendments as well as her rights under the FHAA, the FDCPA, and the RESPA.[1] FAC ¶ 34. As discussed below, plaintiff fails to state a claim against Gage under the FHAA, the FDCPA, or the RESPA. With respect to her rights under the Fourth, Fifth, and Fourteenth Amendments, plaintiff's claim fails because she has not alleged any state action. The Supreme Court has made clear that although 42 U.S.C. § 1985(3) applies to private conspiracies, it only applies to "private conspiracies aimed at interfering with rights constitutionally protected against private, as well as official, encroachment." *Scott*, 463 U.S. at 833. When the alleged conspiracy targets a right that is only constitutionally protected against state interference, the plaintiff must establish state involvement in the conspiracy. *Id.* The Fourth, Fifth, and Fourteenth Amendments only protect individuals against state actions. *Id.* at 832; *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 808 n.1 (9th Cir. 2001); *Jackson v. American Bar Ass'n*, 538 F.2d 829, 832-33 (9th Cir. 1976). Since the FAC lacks any allegation of state involvement, plaintiff has failed to state a claim under 42 U.S.C. § 1985(3).

### 2. Fair Housing Amendments Act Violation

Plaintiff's Fair Housing Amendments Act ("FHAA") claim is based on her home, which is a single family residence, one of four in a common development. FAC ¶ 19. Gage contends that the FHAA does not apply to this case because the FHAA exempts "rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner maintains and occupies one of such living quarters as his residence." 42 U.S.C. § 3603(b)(2). Gage misunderstands the scope of this statutory exemption: it only exempts multi-family dwellings intended for four or fewer families where the owner lives in

---

[1] The complaint also references 42 U.S.C. §§ 1983 and 1988 in passing. A claim based on 42 U.S.C. § 1983 requires state action, which has not been alleged. *Caviness v. Horizon Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). 42 U.S.C. § 1988 deals with civil rights proceedings based on other provisions of civil rights law and does not provide an independent basis for asserting a federal right.

the dwelling. Since plaintiff's FHAA claim arises out of a single family residence, not a multi-family dwelling, this exemption does not apply.

Gage also argues that plaintiff fails to allege sufficient facts to state a claim for relief under the FHAA. Greenlaw alleges that Gage obstructed her use and enjoyment of her home by parking at the entrance of her home, a marked and designated disabled parking area. FAC ¶ 21. Plaintiff also alleges that Gage has harassed her by vandalizing her car on multiple occasions. *Id.* at ¶ 27. The FAC does not state which provision of the FHAA defendants allegedly violated. It appears that she may be claiming a violation of 42 U.S.C. § 3604(f). The FHAA prohibits discrimination in "the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604 (f)(2). Discrimination is defined as including:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . [and] (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . . .

42 U.S.C. § 3604(f)(3).

The acts alleged in the FAC do not violate the FHAA. It appears that Gage is the owner of a private dwelling in the same development where Greenlaw resides. As plaintiff's neighbor, it does not appear that he has any obligation to provide services or facilities in connection with Greenlaw's residence. At the hearing on February 26, 2010, plaintiff alleged that Gage was a member of the homeowner's association and argued that he was therefore liable under the FHAA. While certain acts by a homeowner's association could potentially violate the FHAA, the mere fact that Gage was a member or officer of a homeowner's association does not transform any and all discriminatory action he took as an individual into a violation of the FHAA. The acts that plaintiff alleges as a basis for her FHAA claim (unauthorized use of plaintiff's designated parking spot and vandalizing plaintiff's car) have no relation to Gage's role as a member or officer of the homeowner's association, nor do they relate to the homeowner's association's obligation to provide any services or facilities in connection with Greenlaw's residence. The court therefore finds that Greenlaw has failed to state a claim against Gage under the FHAA.

### 3. Fair Debt Collections Practices Act Violation

Greenlaw alleges that defendants conspired to deprive her of her property by recording a lien and notice of default, knowing that no amount was actually due. FAC ¶ 29. According to plaintiff, it is a violation of the Fair Debt Collections Practices Act ("FDCPA") to attempt to collect a debt that is not due or owing. Opp'n at 5. The FAC does not state which provision of the FDCPA defendants allegedly violated. It appears that plaintiff may be claiming a violation of 15 U.S.C. § 1692g. When a debt is disputed within thirty days of receiving notice of the debt, the FDCPA requires the debt collector to cease collection of the debt "until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Though Greenlaw has attached, as Exhibit A to the FAC, a letter stating that she disputes the alleged debt owed in homeowner's association dues, she has not pled sufficient facts to state a claim under 15 U.S.C. § 1692g. The letter was sent to defendants Tract No. 7415 Homeowners Association, Cimarron Service Corporation of Nevada, Pro Solutions, and Andrea Caldwell. First, it is unclear what relationship these entities and persons have with plaintiff. The FAC does not allege that these defendants are debt collectors. Second, the FAC does not state whether Greenlaw's letter disputing the debt was sent within thirty days of receiving notice of the debt, nor does it state what the debt collector (if any of the defendants were debt collectors) did or did not do after receiving notice of the disputed debt. Third, plaintiff's only claim against Gage is that he allegedly hired these other defendants to harass and discriminate against her. She admits that Gage is not a debt collector.

### 4. Real Estate Settlement Procedures Act Violation

The only factual basis for Greenlaw's Real Estate Settlement Procedures Act ("RESPA") claim is her allegation that defendants conspired to deprive her of her property by recording a lien and notice of default, knowing that no amount was actually due. FAC ¶ 29. According to plaintiff, it is a violation of the RESPA to attempt to collect a debt that is not due or owing. Opp'n at 5. The FAC does not state which provision of the RESPA defendants allegedly violated.

It appears that plaintiff may be claiming a violation of 12 U.S.C. § 2605(e). When a servicer of a federally related mortgage loan receives a qualified written request from the borrower for information relating to the servicing of the loan, the servicer must conduct an investigation and provide the borrower with a written explanation or clarification regarding why the servicer believes the account is correct or why the information requested is unavailable. 12 U.S.C. § 2605(e)(2). Moreover, during the sixty days after such a qualified written request has been received, the servicer may not provide information about any overdue payment to a consumer reporting agency. *Id.*

Though Greenlaw has attached, as Exhibit A to the FAC, a letter stating that it is a qualified written request, she has not pled sufficient facts to state a claim under 12 U.S.C. § 2605(e). The letter was sent to defendants Tract No. 7415 Homeowners Association, Cimarron Service Corporation of Nevada, Pro Solutions, and Andrea Caldwell. As mentioned above, it is unclear what relationship these entities and persons have with plaintiff. The FAC does not allege that these defendants are servicers of a federally related mortgage loan, nor does it allege that plaintiff is a borrower. In addition, the FAC does not state what the loan servicer (if any of the defendants were loan servicers) did or did not do after receiving the qualified written request. Furthermore, plaintiff's only claim against Gage is that he allegedly hired these other defendants to harass and discriminate against her. She does not allege that Gage is a servicer of a federally related mortgage loan.

### B. Subject Matter Jurisdiction

Greenlaw contends that this court has jurisdiction over this matter based on both diversity and federal question jurisdiction. FAC ¶¶ 4-7. In order to have diversity jurisdiction, there must be complete diversity between the parties. *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see* 28 U.S.C. § 1332. There is not complete diversity in this case. Plaintiff is a citizen of California. FAC ¶ 8. Defendant Gage is also a citizen of California. FAC ¶ 10; Def.'s Mot. to Dismiss Ex. G. Therefore, the court does not have diversity jurisdiction.

With respect to federal question jurisdiction, as discussed above, the court finds that plaintiff has failed to plead sufficient facts to state a claim against Gage under 42 U.S.C. § 1985, the FHAA, the FDCPA, or the RESPA. Unless plaintiff has a valid federal claim, the court does not have federal question jurisdiction over this action. The court therefore orders plaintiff to show cause why

this case should not be dismissed for failure to state a federal claim against any defendant. Because the court may not have subject matter jurisdiction over this action, the court defers ruling on the remaining state law issues raised by defendant Gage's motion to dismiss.

It appears that the only defendant that has been served is David Gage. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff must serve all defendants within 120 days after the complaint is filed. Plaintiff's initial complaint against Tower Adams and David Gage was filed on October 17, 2008. The court therefore orders plaintiff to show cause why defendant Adams should not be dismissed from this case. Plaintiff's FAC adding new defendants was filed on December 21, 2009. The court has chosen June 4, 2010 as the hearing date for plaintiff to show cause such that if any defendant wishes to file a motion to dismiss, it can be heard that same day. Plaintiff is ordered to serve a copy of this order on any defendants she serves with the FAC.

### III. ORDER

For the foregoing reasons, the court:

1. dismisses plaintiff's 42 U.S.C. § 1985, FHAA, FDCPA, and RESPA claims against Gage with prejudice;
2. defers ruling on the remaining state law claims against Gage, pending determination of subject matter jurisdiction; and
3. orders plaintiff to appear on June 4, 2010 to show cause why this case should not be dismissed for failure to state a federal claim against any defendant and to show cause why defendant Adams should not be dismissed from this case.

DATED: 2/26/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Plaintiff:**

Rosemary Greenlaw
825 Villa Avenue
San Jose, CA 95126-2461

**Counsel for Defendants:**

| | |
|---|---|
| Edward F. Cullen | ecullen@wpclaw.com |
| Richard Bradford Wilbur | rwilbur@wpclaw.com |
| Julie Hope Rome-Banks | julie@bindermalter.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/26/10                              CCL
                                         **Chambers of Judge Whyte**